UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 07-cr-20526

v                                            Honorable Thomas L. Ludington

JOHN TYLER MCKINNEY, JR.,

                Defendant.

_____/

### ORDER LIFTING STAY, GRANTING MOTION FOR EXTENSION OF TIME, DENYING MOTION TO APPOINT COUNSEL, AND DENYING MOTION FOR SENTENCE REDUCTION

John Tyler McKinney, Jr., is currently serving a 120-month sentence for distributing crack cocaine. On January 3, 2012, he filed a motion to vacate his sentence under 28 U.S.C. § 2255. The Magistrate Judge recommended that his motion to vacate be denied because it was barred by the statute of limitations. *See* ECF No. 132.

McKinney then filed a "pursuant to Rule 15(C)(2)' in which he contends that the government has waived the statute of limitations defense. *See* ECF No. 138. The Court requested supplemental briefing from the parties that would address: (1) "whether the motion was timely filed"; (2) "whether the statute of limitations has been waived", and (3) "whether equitable tolling should apply." ECF No. 150 at 3. The Government timely filed its supplemental brief. *See* ECF No. 151. On the day McKinney's supplemental brief was due, July 1, 2013, he filed a Motion for Extension of Time to File Supplemental Briefing. *See* ECF No. 155.

Four days later, on July 5, 2013, McKinney filed a petition for the writ of mandamus with the Sixth Circuit. The Court therefore stayed the entire case until McKinney's petition for the writ of mandamus was resolved. *See* ECF No. 156.

On January 15, 2014, the Sixth Circuit entered an order denying McKinney's petition for the writ of mandamus. ECF No. 159. Because that issue has been resolved, the Court will lift the stay on McKinney's case.

In addition, the Court will grant McKinney's outstanding motion for extension of time. McKinney will have until September 30, 2014 to file his supplemental brief.

**I**

The Court will also take up several other outstanding motions. First, on July 23, 2014, McKinney filed a motion to appoint counsel. *See* ECF No. 134. McKinney claims that appointment of counsel is appropriate because "Petitioner is unlearned in the law, and because of his incarceration he cannot comply with the procedural rules, and could possibly misapprehend the substantive details of Federal Constitutional Law." *Id*. at 1.

"There is no constitutional right to counsel in a civil case." *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (*Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Indeed, courts should appoint counsel for pro se civil plaintiffs only in exceptional circumstances. *Id*. To determine whether these exceptional circumstances exist, a court typically considers "the type of case and the ability of the plaintiff to represent himself." *Lanier v. Bryant*, 332 F.3d at 1006.

Here, McKinney has not presented any "exceptional circumstances" that would warrant appointment of counsel. McKinney has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, objections to the Magistrate Judge's report and recommendation, and an additional motion alleging that the Government waived an affirmative defense. McKinney has

demonstrated the ability to articulate his claims and present his case to the Court. Moreover, in each of his filings, McKinney has cited to caselaw and exhibits as necessary. In short, McKinney appears able to adequately represent his own interests in this proceeding. The appointment of counsel is, therefore, not warranted, and his motion for appointment will be denied.

## II

On June 17, 2013, McKinney filed a motion to reduce his sentence based on the retroactive application of the Fair Sentencing Act pursuant to 18 U.S.C. § 3582(c). Because McKinney was sentenced to the mandatory minimum, the FSA does not affect his sentence and his motion will be denied.

## I

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a). The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums "as soon as practicable, and in any event not later than 90 days" after the FSA's enactment. *Id.* § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA, to be applied retroactively. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's amended mandatory minimums only affect defendants sentenced after August 3, 2010.

But the new advisory guidelines, promulgated by the Sentencing Commission pursuant to the FSA, are different. As the Sentencing Commission established in Amendment 759, the altered guidelines "may be considered for retroactive application." U.S. Sentencing Guidelines Manual App. C Amend. 759 (2011). Accordingly, the new guidelines may apply to alter a sentence imposed before August 3, 2010.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in

the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even sua sponte, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

**II**

On February 27, 2008, McKinney pleaded guilty to distributing at least 5 grams of cocaine base. According to the Presentence Investigation Report, McKinney's offense level was a 29.[1] Because McKinney had prior convictions for carrying a concealed weapon, McKinney's criminal history was set as category III. The resulting guidelines range of imprisonment was 135 to 168 months. The presentence report also noted, however, that mandatory minimum of 120 months applied. On August 14, 2008, the Court sentenced McKinney to 120 months' imprisonment—the statutory minimum.

---

[1] McKinney's base offense level was a 30, with a three-point reduction for acceptance of responsibility. However, McKinney also received two points for possessing a loaded firearm pursuant to Application Note 3 of 2D1.1.

- 5 -

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like McKinney. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders.

But § 3582(c)(2) only allows for a sentence reduction when the sentence imposed was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." McKinney's sentence was not based on a guidelines range that later changed, but rather a statutorily-imposed mandatory minimum. And, as the Sixth Circuit recently made clear in *United States v. Blewett*, No. 12-5226, 2013 WL 6231727 (6th Cir. Dec. 3, 2013) (en banc), the FSA's new mandatory minimums do "not apply to defendants sentenced before its effective date." *Id*. at *8. So, even if McKinney's guideline range was reduced, the 120-month statutory minimum in effect at the time of his sentencing still applies. Therefore, McKinney's request for a sentence reduction will be denied.

### III

Accordingly, it is **ORDERED** that the stay is **LIFTED**.

It is further **ORDERED** that McKinney's Motion for Extension of Time to File Supplemental Briefing (ECF No. 155) is **GRANTED**. McKinney's supplemental brief will be due on or before **October 17, 2014**.

It is further **ORDERED** that McKinney's Motion to Appoint Counsel (ECF No. 134) is **DENIED**.

- 7 -

It is further **ORDERED** that McKinney's Motion for Retroactive Application of Sentencing Guidelines (ECF No. 152) is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 5, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon John Tyler McKinney, Jr. #41867039 at FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701 by first class U.S. mail on September 5, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS
