UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN TYLER MCKINNEY, JR.,

        Petitioner,                                  Case No. 07-cr-20526

v                                                        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, DENYING MOTION PURSUANT TO RULE 15(C)(2), AND DENYING MOTION FOR DISCOVERY**

      Petitioner John Tyler McKinney, Jr., currently confined at Elkton Federal Correctional Institution in Lisbon, Ohio, pleaded guilty to distribution of 5 grams or more of a substance containing cocaine base, 21 U.S.C. § 841(a)(1). He was sentenced to 120 months' imprisonment on September 10, 2009, and the Sixth Circuit affirmed his conviction on March 22, 2010. More than twenty-one months later, McKinney filed his motion to vacate his sentence under 28 U.S.C. § 2255. Mot. Vacate, ECF No. 109.

      The Magistrate Judge issued a report on June 28, 2012, recommending that McKinney's motion to vacate be denied as untimely. Rep. & Rec., ECF No. 132. McKinney filed objections, and this Court requested supplemental briefing on the issue of whether a Magistrate Judge may *sua sponte* raise the issue of untimeliness. Because a court may raise the issue of untimeliness if the respondent has mistakenly failed to raise the issue, the Court will adopt the Magistrate Judge's recommendation.

**I**

A district court reviews any objections to the report and recommendation of a magistrate judge on a dispositive motion de novo. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(3). The failure by either party to file specific objections constitutes a waiver of the right to appeal the magistrate's recommendations. *Thomas v. Arn*, 474 U.S. 140, 155 (1985). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x. 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). The Sixth Circuit has explained that this specificity requirement is necessary to conserve judicial resources. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991) (if review of general objection is permitted, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

McKinney raises three objections to the Magistrate Judge's report and recommendation: (1) a court may not *sua sponte* raise the issue of timeliness; (2) the magistrate judge failed to consider his claims on the merits; and (3) the magistrate judge issued a recommendation only on the motion to vacate, rather than all of McKinney's outstanding motions. For the reasons detailed below, McKinney's objections will be overruled, and the magistrate judge's report will be adopted.

**II**

In his first objection, McKinney contends that the Magistrate Judge erred by *sua sponte* raising the issue of whether his petition was time-barred. McKinney notes that Respondent did not raise a statute of limitations defense in its answer to his petition, and McKinney contends that Respondent waived that defense.

**A**

In his report and recommendation, the Magistrate Judge concluded that McKinney's motion to vacate was untimely:

> In the instant case, McKinney filed his motion to vacate sentence on January 3, 2012. The Sixth Circuit's opinion was issued on February 26, 2010 and the mandate was issued on March 22, 2010. There is no indication that McKinney petitioned for a writ of certiorari to the United States Supreme Court. Thus, in order to be timely, McKinney's motion must have been filed by May 27, 2011, or May 30, 2011, i.e., one year and 69 days after the appeals court issued its mandate or one year and 90 days after the appeals court entered its judgment.

Rep. & Rec. 5. Accordingly, because McKinney did not file his motion to vacate his sentence until January 3, 2012—about seven months after the deadline—the Magistrate Judge concluded that McKinney's motion to vacate was untimely.

The Magistrate Judge also noted that McKinney was not entitled to equitable tolling.[1] A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two element: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). The Magistrate Judge concluded that McKinney had not met this burden:

---

[1] The Magistrate Judge believed that McKinney acknowledged that his motion to vacate was untimely: "In the instant case, it is difficult to tell when that happened. McKinney did not date the motion [to vacate] and appeared to recognize that the motion was untimely since he argued that he did not discover the exculpatory impeachment evidence until November 2011 . . . McKinney argues that he exercised due diligence within the meaning of 28 U.S.C. § 2255(f)(4)." Rep. & Rec. 6.

> Although McKinney contends that he was unaware of the impeachment evidence until November 2011, the opinion in [co-defendant] Stanley Brazil['s] case was issued on August 30, 2010. *United States v. Brazil*, 395 Fed. Appx. 205, 210 (6th Cir. 2010). McKinney does not indicate how he became aware of his co-defendant's appeal or why it took over one year after the opinion was issued for him to notice it. McKinney does not indicate that he tried to contact counsel to learn of any issues raised by co-defendants, including Stanley Brazil, nor does he allege that any obstacle prevented him from reviewing the appellate opinion in *Brazil* when it issued in August 2010.

Rep. & Rec. 6-7. Accordingly, the Magistrate Judge concluded that McKinney had not met his burden to show entitlement to equitable tolling.

In his objections, McKinney does not dispute that his motion to vacate was filed outside the statute of limitations. Nor does he challenge the Magistrate Judge's conclusion that he is not entitled to equitable tolling. Instead, he contends that the Magistrate Judge should not have considered the timeliness issue at all because Respondent did not raise the statute of limitations as an affirmative defense. In addition to filing an objection, McKinney also filed a "Motion Pursuant to Rule 15(c)(2)" in which he repeats his objection that a district court may not sua sponte raise the issue of timeliness. *See* ECF No. 138.

**B**

Contrary to McKinney's objection, Supreme Court precedent "establishes that a court may consider a statute of limitations or other threshold bar the state failed to raise in answering a habeas petition." *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012). Moreover, courts are afforded a certain amount of latitude to consider forfeited statute of limitations defenses because "AEDPA's statute of limitations, like the exhaustion doctrine, 'implicat[es] values beyond the concerns of the parties.'" *Id*. at 1828 (quoting *Day v. McDonough*, 547 U.S. 198, 205 (2006)). However, a district court "is not at liberty . . . to bypass, override, or excuse a state's deliberate waiver of a limitations defense." *Id*.; *see also Day*, 547 U.S. at 202 (2006).

Where the state's apparent waiver merely results from a mistake, a federal court has the discretion to correct the error and dismiss the petition as untimely. *Day*, 547 U.S. at 202. Here, Respondent claimed that it mixed up the timelines for McKinney, Jr., with his father, John McKinney, Sr.: "The government simply made an honest mistake by accidentally using the dates from a co-defendant that had the same first, middle, and last name as the defendant in this case." Gov't Supp. Br. 3, ECF No. 151. This inadvertent failure to raise a limitations defense does not prove that the state "strategically withheld the defense or chose to relinquish it." *Day*, 547 U.S. at 211 (internal quotations omitted). Thus, there is no showing that respondent deliberately or intelligently waived the statute of limitations defense. Accordingly, McKinney's objection will be overruled and his motion to relate back to the pleadings will be denied.

### III

Alternatively, even if McKinney's motion to vacate was considered on the merits, he still would not be entitled to relief. In the report and recommendation, the Magistrate Judge evaluated each of McKinney's claims on the merits as an alternative basis for denying relief. *See* Rep. & Rec. 14 ("I therefore suggest that since McKinney chose to admit his guilt, any *Brady* concerns subsided and cannot provide a ground for relief."); at 16 ("I therefore suggest that McKinney's 'ineffective assistance of counsel, violation of the Speedy Trial Act' claim is without merit and does not provide a ground for relief under § 2255."); at 17 ("Therefore, I suggest that McKinney was properly sentenced and that McKinney cannot show prejudice stemming from the alleged failure to raise the issue. I therefore suggest that the § 2255 motion be denied on this ground.").

McKinney objects to the Magistrate Judge's recommendation, but does not provide specifics:

> Petitioner objects to the Magistrate Judges rulings on his 4 claims in his § 2255, motion of
>
> (1).   Ineffective Assistance of Counsel for failure to investigate,
>
> (2).   Brady Violation,
>
> (3).   Ineffective Assistance for failure to inform petitioner that pleading guilty would waive his Speedy Trial Right as well as his right to appeal to the court of appeals for the Speedy Trial violation.
>
> (4).   Actual Innocence of Enhancement.
>
> …
>
> The Magistrate Judge has not made a report and recommendation on the parties claims therefore, the court must reject this report and recommendation . . . ."

Obj. at 4.

Here, McKinney has filed only a general, non-specific objection to the Magistrate Judge's recommendation that his motion to vacate be denied on the merits. "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard*, 932 F.2d at 508-09; *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). A failure to file specific objections constitutes a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

McKinney has not presented any specific objections to the Magistrate Judge's recommendation that his motion to vacate be denied on the merits. "Objections disputing the correctness of the magistrate's recommendation but failing to specify the findings . . . believed to be in error are too general." *Spencer*, 449 F.3d at 725 (quotation marks and alterations omitted). And to the extent that McKinney claims that the Magistrate Judge has not made a recommendation, this claim is patently contradicted by the Magistrate Judge's ten-page analysis

of the merits of McKinney's claims. Rep. & Rec. 9-19. Accordingly, McKinney's general objection will be overruled.

### IV

In his final objection, McKinney claims that the Magistrate Judge erred by not deciding his motion for discovery (ECF No. 115), motion to compel (ECF No. 117), and motion for appointment of counsel (ECF No. 134): "The Magistrate Judge did not address these issues and motion petitioner request the court refer the motion back to the Magistrate for adjudication on the above motions." Obj. 3.[2]

McKinney is correct that the Magistrate Judge did not address those motions. This is because the Court referred only McKinney's motion to vacate to the Magistrate Judge. *See* Order Referring Mot., ECF No. 11. But since the time that Magistrate Judge issued his report and recommendation on McKinney's motion to vacate, however, this Court has denied McKinney's motion to compel, *see* ECF No. 119, and his motion for appointment of counsel, *see* ECF No. 161.

Therefore, the only remaining motion is McKinney's motion for discovery. In the motion, McKinney requests the "[p]roduction of all documents which are in the possession, custody or control of:" (1) the United States Attorney for the Eastern District of Michigan, Bay City Divisions; (2) statements of all government witnesses; (3) the statements of Willie Floyd Jackson, Thomas Dancey, and Andrea Katie Rankin; (4) all reports made by Sergeant Scott L. Woodard and all documents concerning the investigation of the Sunnyside Gang; and (5) all

---

[2] McKinney also alleges that the Magistrate Judge erred by not deciding his "motion to expand the record." No motion on the docket has this title; instead, it appears that McKinney is referencing his request for an evidentiary hearing in his motion to vacate under § 2255. Contrary to McKinney's assertion, however, the Magistrate Judge did address this request: "In the instant case, there is no material factual dispute that a hearing could address. . . . I therefore suggest that McKinney is not entitled to an evidentiary hearing on the allegations raised in the motion." Rep. & Rec. 19.

statements given by Michigan State Trooper Neal Bryant Sommers and A.T.F. agents Tom Bowden and Paul Wade. Mot. Discovery at 2.

A § 2255 petitioner, such as McKinney, is not permitted discovery as a matter of course as in ordinary civil litigation. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, "[a] party may invoke the processes of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." R. 6(a) of the Rules Governing Section 2255 Proceedings for the United States Districts. Good cause will be found where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at 908-09 (quoting *Harris*, 394 U.S. at 300).

Here, there is no good cause to allow discovery because McKinney's motion to vacate is barred by the statute of limitations. Alternatively, McKinney has not shown good cause to allow discovery because the claims in his motion to vacate are meritless. Accordingly, his motion for discovery will be denied.

**V**

Before McKinney may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.

*See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that McKinney has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Furthermore, McKinney should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## VI

Accordingly, it is **ORDERED** that McKinney's Objections (ECF No. 137) are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 132) is **ADOPTED**.

It is further **ORDERED** that McKinney's Motion to Vacate (ECF No. 109) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

1:07-cr-20526-TLL-PTM    Doc # 163    Filed 10/28/14    Pg 10 of 10    Pg ID 641

It is further **ORDERED** that McKinney's Motion for Discovery (ECF No. 115) is **DENIED**.

It is further **ORDERED** that McKinney's Motion Pursuant to Rule 15(c)(2) (ECF No. 138) is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 28, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic and on John Tyler McKinney, Jr. #41867039, Elkton Federal Correctional Institution (FSL), Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432 by first class U.S. mail on October 28, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS