UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 07-cr-20526

v                                        Honorable Thomas L. Ludington

JOHN TYLER MCKINNEY, JR.,

        Defendant.
_____/

## ORDER DENYING RULE 60(b) MOTION

Petitioner John Tyler McKinney, Jr., currently confined at FCI McKean, pleaded guilty to distribution of 5 grams or more of a substance containing cocaine base, 21 U.S.C. § 841(a)(1). He was sentenced to 120 months' imprisonment on September 10, 2009, and the Sixth Circuit affirmed his conviction on March 22, 2010. More than twenty-one months later, McKinney filed his motion to vacate his sentence under 28 U.S.C. § 2255.

The Magistrate Judge issued a report on June 28, 2012, sua sponte concluding that McKinney's motion to vacate was untimely. Rep. & Rec., ECF No. 132. McKinney objected, asserting that AEDPA's statute of limitations is an affirmative defense that cannot be raised sua sponte by the court. On October 28, 2014, this Court overruled McKinney's objections and denied his motion to vacate as untimely.

On February 9, 2015, McKinney filed a motion to vacate the October 28, 2014 Judgment. McKinney focuses only on one issue: whether a court may sua sponte raise AEDPA's statute of limitations to bar a habeas petition pursuant to 28 U.S.C. § 2255. In its October 28, 2014 Order, the Court noted that the Supreme Court has held that the statute of limitations could be raised sua sponte, and that doing so in the instant matter barred McKinney's untimely motion to vacate.

Order 4, ECF No. 163 (quoting *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012) (Supreme Court precedent "establishes that a court may consider a statute of limitations or other threshold bar the state failed to raise in answering a habeas petition.")). The Court therefore denied McKinney's motion to vacate as untimely.

McKinney claims that the October 28, 2014 Order and Judgment should be vacated pursuant to Rule 60(b). Rule 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). In addition, subsection (b)(6) grants relief if there are "exceptional and extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Because McKinney is claiming that this Court's Order erred in sua sponte raising AEDPA's statute of limitations, McKinney appears to be relying on Rule 60(b)(1).[1] The Sixth Circuit has "recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985). When applied under subsection (1), the word "mistake" has been held to include "any type of mistake or error on the part of the court," including a legal mistake. *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) (citing *Oliver v. Home Indem. Co.*, 470 F.2d 329 (5th Cir. 1972)). Nonetheless, a motion based on Rule 60(b)(1) is "intended to provide relief to a

---

[1] The subtitle of McKinney's motion, "Newly Discovered Evidence," suggests that he is attempting to proceed under Rule 60(b)(2). However, McKinney does not identify the newly discovered evidence, except to claim that it was discovered in 2011—three years before October 28, 2014 Order issued. Thus, no evidence has been "newly discovered" between the October 28, 2014 Order and McKinney's motion, and subsection (b)(2) is unavailing.

party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (internal quotation marks omitted).

Importantly, however, a party may not use Rule 60(b) "as an occasion to relitigate its case." *Abby v. Prelesnik*, 2015 WL 348566, at *2 (E.D. Mich. Jan. 23, 2015) (quoting *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004). A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

McKinney is attempting to relitigate an argument he previously presented in his motion to vacate. He has not identified any mistake made by this Court; instead, he merely reasserts his disagreement with the Court's conclusion that AEDPA's statute of limitaitons may be raised sua sponte. This attempt to re-litigate an argument previously addressed by the Court is unavailing on a motion pursuant to Rule 60(b).

Accordingly, it is **ORDERED** that Petitioner John McKinney, Jr.'s Motion for Rule 60(b) (ECF No. 172) is **DENIED**.

Dated: March 2, 2015   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on John Tyler McKinney, Jr., #41867-039, FCI McKean, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701 by first class U.S. mail on March 2, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS